Johnson and Donahue, JJ.,
dissenting. We are unable to concur in the conclusion reached by the majority of the court in refusing leave to file this petition. We do not, however, dissent from the first proposition announced by the majority of this court at the time leave to file was refused, as appears on page 139 of the Ohio Law Bulletin under date of April 24, 1911, that: “Where the action of a court is challenged as erroneous and question of error only is presented, quo warranto will not lie.” ' That is a self-evident proposition, but we do not understand that that *155 question is involved in this application. The petition presented here by the attorney general of Ohio and the prosecuting attorney of Hamilton county does not seek to review any alleged error, of any court, but rather to inquire by what authority defendant assumes to exercise the duty and function of appointing and assigning a judge to try and dispose of certain causes in1 the district in which he is a judge. That is the only question presented by the petition, and the only one in our opinion proper to be considered in disposing of the motion for leave to file. So that while this proposition of law announced by the majority of this court is undoubtedly correct, and no lawyer in this state would likely question the same, yet we can not understand why it should be declared now as pertinent to this case. Neither do we dissent from the first and second paragraph of the syllabus as it now appears, for undoubtedly the only authority for bringing an action in quo warranto is found in section 12303 of the General Code, and the provisions of that section are as stated in the first paragraph of the syllabus. The second paragraph of the syllabus as now written is but a different statement of the same proposition as found in the first paragraph of the original announcement. But as we have already said that, although á proper statement of the law, in our opinion has no application here. The petition does not assign error of a lower court in the application of law or rules of procedure in a cause which was properly before the court; but it presents a case in which it is claimed that this particular judge was assuming to exercise certain functions and powers which he *156 had no authority whatever to exercise, and which amounts to usurpation of an office, and wholly without warrant in law.
We think that this petition raises that question and asks for an authoritative disposition of the same, and .that is reason enough why the attorney general of this state should be permitted to file it. It is a question that ought to be fully heard and determined upon the final hearing of the petition in quo warranto sought to be filed herein. We think that upon this motion, the question to be considered is whether or not the petition raises a substantial question of importance to the people of the state, and if such a question is raised, the court should not dispose of it upon the motion itself, but rather permit the filing of the petition, to the end that such full hearing and consideration may be had. Especially is this true, when the question is one as to which the bench and bar of the state have entertained a feeling of uncertainty and is one which so largely and vitally affects the administration of justice.
The petition presented, avers that the defendant is usurping and intruding into the office and functions of supervising judge of the common pleas, court of Hamilton county; that is, the office and functions of appointing and assigning a judge of such court, to try and hear and dispose of criminal cases and proceedings pending in such court before a judge thereof who is- alleged to have bias or prejudice, for or against the parties, to such cases, or proceedings; and that he claims to be invested with such office and functions.
*157 Against the petition it is contended, and the majority of the court conclude, that the provisions of the statute on the subject found in Sections 1539, 1540 and 1687, of the General Code, do not constitute an office, and therefore there can be no intrusion into such office. We do not think that the cases cited and relied on apply to the question made here.
In State, ex rel., v. The Judges, 21 Ohio St., 1, the statute which was attacked, provided that the judges should fix the number and compensation of clerks of certain county officials. Under that act all of the judges participated in the performance of the duty defined, and this court held that it was simply a new duty added to the existing office of judge, and not the creation of a new office. The duty attached to, and was to be performed by all of the judges in the district acting together and equally.
The court did not hold that it was not the exercise of a public function. On the contrary, the court recognized that it was a public function, and was proper to be imposed on the office of judge in addition to its other functions. It would have presented an entirely different case and the reasoning of the court would have led it to an entirely different conclusion, if the statute had provided that the judges of the district should elect one of their number who should be invested with the power and duty of fixing the number and compensation of the clerks. The judge chosen would then be invested with a function separate and distinct from the others. He would be clothed with *158 the power and duty of a public office. In such a case we do not think it would be claimed that quo warranto would not lie to test the right of a judge to exercise such power.
For the same reasons we think it is clear that Walker v. Cincinnati, 21 Ohio St., 15, does not apply here. The law provided that the judges of the superior court of Cincinnati should appoint trustees of Cincinnati Southern Railroad. The decision is placed directly upon the ground that the duty imposed on the judges did not create an additional office, but simply annexed another duty to the office of judge which all of the judges in that court should perform.
In State, ex rel., v. Jennings, 57 Ohio St., 415, this court held that a fireman is not an officer, but an employe, and that quo warranto would.not lie to oust him from his employment. However, in the syllabus in that case, it is held that: “to constitute a public office against the incumbent of which quo warranto will lie, it is essential that certain independent public duties, a part of the sovereignty ©f the state, should be appointed to it by law, to be exercised by the incumbent, in virtue •of his election or appointment to the office, thus created and defined, and not as a mere employe, subject to the direction and control of some one else.”
In the opinion the following from High on Extraordinary Legal Remedies, Sec. 625, is quoted with approval: “An office, such as to properly come within the legitimate scope of an information in the nature of a quo warranto, may be defined as a public position, to which a portion of the *159 sovereignty of the country, either legislative, executive, or judicial attaches for the time being, and which is exercised for the benefit of the public.”
It would seem' to be clear, that the duties and functions defined and referred to in the sections of the General Code, touching the subject of supervising judge, are clearly included in the definitions of an office as above given. These sections specifically define these duties and provide that they shall be performed by a certain and particular judge, designated in the act as supervising judge and chosen in the manner provided, for a fixed and definite term. And these duties and functions are such as can be performed only by the particular judge chosen in the manner provided.
In the State, ex rel. v. Anderson, 45 Ohio St., 196, it is held in the syllabus that: “The presidency of a city council is a public office, within the purview of Section 6760 of the Revised Statutes, authorizing an action in quo warranto to be brought against a person who usurps, intrudes into, or unlawfully .holds, or exercises, a public office.”
In the opinion it is pointed out that the duties of the president of the council are different from those of the members, and although he. still remains a member of the council, with all of the powers and duties incident thereto, and although such president must be chosen from the membership, and that the place is without emolument, still -its functions are of a public nature and for public purposes, and it is a public office. It is difficult to see how the duties of a president of a council chosen in the manner referred to should constitute *160 a separate public office, and the distinct, additional and important duties, which are imposed by the statutes, upon a supervising judge, who is designated as such by the statutes, should not constitute an office, to which a portion of the judicial sovereignty of the state attaches within the terms of the definition above given.
Section 1540 provides that the judges of each judicial district shall select or designate one of their number to supervise the execution of the order, with authority to make changes and assign judges of the district to other counties, and requires that: “Upon receiving notice thereof from the supervising judge, the judge so assigned shall proceed to hold such courts.” Section 1687 provides that when a judge of the common pleas court is interested in a cause or matter pending before the court in a county of his district, or is related to, or has a bias or prejudice, etc. — that it shall be the duty of the clerk of that court to forthwith notify the supervising judge, who shall then proceed in the manner required by law in the case of illness or other disability of the judge, to designate or assign some other judge of the subdivision or district in which such matter or cause is pending. It is clearly evident from these statutes that if the judge so selected as supervising judge acquires no additional powers or authority differing from the other judges of that district, • that the legislature failed in its purpose, for it evidently intended that such judge should have such additional powers and authority in excess of all other judges of the district during the time that he is *161 entitled by such election to exercise' the rights, duties and powers of supervising judge.
Where one has assumed to exercise public duties which are a part of the sovereignty of the state, quo warranto may be maintained against him, although the particular territory for which he assumes to act and perform such functions, has not been brought within the terpns^f any statutes defining such duties.
In State, ex rel., v. O’Brien, 47 Ohio St., 464, this court held: “Quo warranto may be maintained against a person who assumes the exercise of the office of member of council from a ward which has no legal existence, or under an election held without lawful authority.”
And on this point we wish especially to notice the case of State, ex rel., v. Newark, 57 Ohio St., 430, which is cited in the brief of counsel opposing this application. The first sentence in the first proposition of the syllabus in that case is quoted in the brief of counsel in support of the proposition, that qtio warranto will not lie against a city for the simple purpose of testing its powers. But the second sentence in the same proposition of the syllabus is as follows: “The remedy, in such case, is to enjoin any steps that may be taken to enforce the ordinance; or to procee-d in quo warranto against any person or persons who may claim to hold an office, under and by virtue of the provisions of the ordinance claimed to be invalid.”
The court, Minshall, J., in the opinion uses the following language: “Or where, as in this case, it creates what is claimed to be an office, and pro *162 vides a mode of filling it, not authorised by. law, and proceeds to fill it, the incumbent may be proceeded against in quo warranto, as was done in the preceding cases.”
It seems to be conceded by counsel on both sides on the hearing of this application that Section 1687, 1539, and 1540 of the General Code, do not apply to Hamilton county.
While the petition, which is here sought to be filed, simply contains averments of intruding into the office and functions referred to, the record and brief filed by counsel opposing the application shows that they in a proceeding in mandamus, sought to compel the defendant in this proceeding to perform the duties of the office which they now claim has no legal existence.
We think the authorities relied on by the majority of the court do not justify the conclusion it has reached, but, on the contrary, these authorities and the reasons on which the judgments. in those cases are based would indicate a different view of the question presented here than the majority of the court have taken.
We think it is a matter of very serious doubt whether this court has a right to deny to the law officers of this state the right to file a petition in quo warranto. The constitution itself does not suggest any right of the court to grant or refuse leave to file the .petition. Section 12305 of the General Code requires the attorney general or prosecuting attorney to commence an action in quo warranto whenever directed by the governor, supreme court or general assembly so to do, and' Section 12306 authorizes the attorney general or *163 prosecuting attorney to bring such action upon his own relation or he may bring the action upon the relation of another person by leave of court or a. judge in vacation. If this court has the right to refuse the attorney general or prosecuting attorney leave to file a petition in quo warranto, when either of these officers' bring such action upon his own relation, then serious complications must necessarily follow, for by the express terms of the statute it is made the duty of the attorney general, or the prosecuting attorney, to commence an action in quo warranto whenever directed by the governor, supreme court or general assembly so to do, and if the governor or general assembly were to direct either of these officers, to bring such an action and the supreme court were to refuse him leave to file his petition in this court there would arise a serious conflict of authority, and a serious complication of the public business that certainly was not within the contemplation of the general assembly when this law was enacted. In other words, it would appear from a reading of the constitution, and of these statutes in reference to the action of quo warranto that jurisdiction in quo warranto was conferred upon the supreme court, not for its benefit, but for the equal benefit of the coordinate branches of government and for the benefit of the public directly interested in the controversy, the only difference being that when the attorney general or prosecuting attorney -brings such action upon request or direction of the governor or general assembly, or upon- his own relation, it would appear that no leave is required, but when he brings such action upon the relation *164 of a private individual, then it is provided that leave of court, or a judge in vacation, must first be obtained. We are of the opinion that when the prosecuting attorney of any county in this state, or the attorney general of this state, either upon the direction of the governor or general assembly of the state of Ohio, or upon his own relation, presents a petition in quo warranto to this court, he does so as of right and not as a privilege to be granted by the court; but even though it be said that permission must first be obtained before such petition in quo warranto can be filed in this court, then certainly when the court finds there is one or more questions in the case calling for its determination, as has been found and announced by the majority of the court in this case, the court should permit the filing of such petition, and permit the joining of issue thereon and determine the question in the regular and ordinary way. It is true there has been printed and handed to this court a record of other proceedings in Hamilton county that-may' or may not have logical connection with the case sought to be filed by the attorney general, but how is this court to take cognizance of these matters except in the regular way, that is, by an answer setting up any fact that may be pertinent to the issue so joined? The constitution invests the su7 preme court with original jurisdiction in quo warranto> and surely this court can have no more imperative duty than to exercise that jurisdiction when called on to lend its aid and authority in preventing the machinery of the courts and judiciary itself from being involved in unseemly and regrettable confusion.